UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHERINE N. MALDONADO
HERNANDEZ,

      Plaintiff,

v.

OCTAPHARMA PLASMA, INC.,

      Defendant.
_____/

CASE NO.

## NOTICE OF REMOVAL

Defendant, OCTAPHARMA PLASMA, INC. ("Octapharma"), by and through its undersigned counsel, hereby files this, its Notice of Removal of the above-styled cause pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446 from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida in which this action is pending, to the United States District Court, Middle District of Florida, Orlando Division, and in support of the removal would show the Court the following:

1.     This is an action brought by Plaintiff against Defendant for alleged negligence.

2.     Removal is appropriate under 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.     The Plaintiff's Complaint, together with additional record evidence, establishes that this Court has subject matter jurisdiction over this matter.

4. The Plaintiff filed this action in State Court as Case No. 2021-CA-009747-O with the Ninth Judicial Circuit Court of Orange County, Florida, Civil Division, on October 6, 2021. Defendant was served with the Complaint on October 12, 2021. *See Exhibit "A," Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint").*

5. This Notice of Removal is timely filed within thirty days (30) of the Defendant's first knowledge that the case is one which is removable and within one year of the commencement of this action, pursuant to 28 U.S.C. § 1446(b).

6. As to diversity, at the commencement of this action, at the time of the filing of this Notice of Removal, and at all times relevant hereto, Defendant, Octapharma, is/was a Delaware corporation with its principal place of business located in Charlotte, North Carolina. *See Affidavit of Barry Pomeroy, attached hereto as Exhibit "B" at ¶ 4.*

7. Plaintiff, at all times material hereto, is/was a citizen of Florida, and resided in and/or was domiciled in Orange County, Florida with intent to remain. *See screen shot of Florida Department of State, Division of Elections website, attached hereto as Exhibit "C;" see Citation issued September 3, 2016 reflecting production of Florida Driver's License by Plaintiff, attached hereto as Exhibit "D;" see Citation issued August 27, 2020 reflecting production of Florida Driver's License by Plaintiff, attached hereto as Exhibit "E;" see Citation issued January 31, 2022 reflecting production of Florida Driver's License by Plaintiff, attached hereto as Exhibit "F;" see Citation issued February 15, 2022 reflecting production*

*of Florida Driver's License by Plaintiff, attached hereto as Exhibit "G;" see Special Warranty Deed, attached hereto as Exhibit "H"; and see screen shot of Orange County Property Appraiser, attached hereto as Exhibit "I."*

8. This lawsuit alleges to arise out of an alleged slip and fall that purportedly occurred on Octapharma's premises located at 6394 Silver Star Road, Orlando, FL 32818. *See Exhibit "A," Complaint at ¶¶ 10; 12.*

9. Plaintiff's Complaint includes a count for Negligence. *See Exhibit "A," Complaint at p. 2.*

10. The Plaintiff's Complaint does not allege a specific amount in controversy, and states only that "[t]his is an action for damages which exceeds thirty thousand dollars ($30,000.00) exclusive of interest, costs, and attorneys' fees." *See Exhibit "A," Complaint at ¶ 1.*

11. As to the amount in controversy, on October 4, 2022, counsel for Plaintiff sent an email to Octapharma's counsel, demanding $150,000.00.00 in exchange for resolving her client's claims. *See E-Mail Correspondence dated October 4, 2022, attached hereto as Exhibit "J."*

12. Based on the foregoing, Plaintiff's alleged indemnity and fees and costs equal $150,000.00, which is in excess of the amount in controversy pursuant to 28 U.S.C. § 1446.

13. The Plaintiff's Complaint, together with the additional record evidence and papers referenced herein, establishes that this Court has subject matter jurisdiction over this matter.

14. As noted above, the amount in controversy exceeds $75,000.00 and thus satisfies the jurisdictional requirements for diversity removal.

15. Defendant timely seeks removal within thirty days (30) of the Defendant's first knowledge that this case is one which is removable and within one year of the commencement of this action, pursuant to 28 U.S.C. § 1446(b).

16. For the reasons stated herein, Octapharma has demonstrated that the amount in controversy exceeds the jurisdictional threshold and that the parties are diverse.

17. A copy of this Notice will be timely filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

18. The Defendant files with this Notice, true and correct copies of all pleadings filed in the above-captioned State action.

19. Written notice of the filing of this Notice of Removal on this date has been given to the counsel for Plaintiff, Beatriz Tavarez of Tavarez Law, P.A., 230 E. Monument Ave., Suite A5, Kissimmee, FL 34741, beatriz@tavarezlaw.com.

20. The undersigned certifies that the Defendant, Octapharma, has consented to the removal of this action from the Ninth Judicial Circuit Court of Orange County, Florida to the United States District Court, Middle District, Orlando Division.

21. The undersigned counsel is authorized by Octapharma to file this Notice of Removal, is licensed in the State of Florida, and is a member in good standing of the Bar of this Court.

22. Defendant hereby designates Kristina L. Marsh, Esquire of GORDON REES SCULLY MANSUKHANI as lead counsel pursuant to Local Rule 2.02(a). All parties are requested to continue to forward copies of pleadings and material forms, discovery documents, and correspondences to Kristina L. Marsh, Esquire and Christina M. Flores, Esquire.

WHEREFORE, OCTAPHARMA PLASMA, INC., respectfully requests this Court remove this Orange County action to this Court pursuant to the provisions of 28 U.S.C. §1441.

Respectfully submitted this 6th day of October, 2022.

**Error! Unknown document property name.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Beatriz Tavarez, Esquire
Tavarez Law, P.A.
230 E. Monument Avenue, Suite A5
Kissimmee, FL 34741
beatriz@tavarezlaw.com
*Counsel for Plaintiff*

GORDON REES SCULLY MANSUKHANI

*s/ Christina M. Flores*
Christina M. Flores, Esquire
Florida Bar No. 125966
Kristina L. Marsh, Esquire
Florida Bar No.: 0311080
Primary: kmarsh@grsm.com
Primary: cflores@grsm.com
Secondary: kwarrington@grsm.com
Secondary: dbeauchamp@grsm.com
Secondary: TampaPleadings@grsm.com
100 S. Ashely Drive, Suite 1290
Tampa, FL 33602
Telephone (Main): 813-444-9700
Telephone (Direct): 813-523-4937
Facsimile: 813-377-3505
*Counsel for Defendant,*
*Octapharma Plasma, Inc.*

**Error! Unknown document property name.**