IN THE CIRCUIT COURT OF THE NINTH JUDICAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

KATHERINE N. MALDONADO HERNANDEZ           CASE NO.
                                           CIVIL DIVISION

   Plaintiff,

vs.

OCTAPHARMA PLASMA, INC.

   Defendant,
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ**, by and through the undersigned counsel, hereby sues Defendant, **OCTAPHARMA PLASMA, INC.**, and alleges:

1. This is an action for damages which exceeds thirty thousand dollars ($30,000.00) exclusive of interests, costs, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated 'amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Cont.

2. The Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ**, is a resident of Orange County, Florida and is otherwise *sui juris*.

3. At all times material hereto, Defendant, **OCTAPHARMA PLASMA, INC.**, was and is a Foreign Profit Corporation doing business in Orange County, Florida.

4. Venue is proper in this County in that the Defendant does business in Orange County, Florida, and/or all of the acts complained of herein occurred in Orange County, Florida.

5. That at all times material hereto, and specifically on April 5, 2020, Defendant, **OCTAPHARMA PLASMA, INC.**, managed, controlled, operated, and/or maintained a plasma-donation center located at 6394 Silver Star Rd., Orlando, FL 32818.
6. That at all times material hereto, and specifically on April 5, 2020, Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ,** entered Defendant's premises located at 6394 Silver Star Rd., Orlando, FL 32818 as a business invitee.
7. That on or about April 5, 2020, Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ**, was lawfully allowed to be at Defendant's premises.
8. That on or about April 5, 2020, Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ,** while walking inside Defendant's premises, slipped and fell due to a liquid substance on the floor.

## COUNT I - NEGILGENCE OF OCTAPHARMA PLASMA, INC.

The Plaintiff realleges and incorporates the Common Allegations contained in paragraphs 1 through 8, by reference thereto as if set forth in their entirety herein.

9. That at all times material hereto, and specifically on April 5, 2020, Defendant, **OCTAPHARMA PLASMA, INC.**, managed, controlled, operated, and/or maintained a plasma-donation center located at 6394 Silver Star Rd., Orlando, FL 32818.
10. That at all times material hereto, and specifically on April 5, 2020, Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ,** entered Defendant's premises located at 6394 Silver Star Rd., Orlando, FL 32818 as a business invitee.
11. That on or about April 5, 2020, Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ**, was lawfully allowed to be at Defendant's premises.
12. That on or about April 5, 2020, Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ,** while walking inside Defendant's premises, slipped and fell due to a liquid substance on the floor.
13. That the Defendant owed to its business invitees a duty to provide a reasonably safe and clean environment.
14. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

  a)  By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids, slippery substances, gels, lotions and/or other substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

  b)  By failing to warn of the dangerous condition that existed at the time of the Plaintiff's accident; and/or

  c)  Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

  d)  By failing to remove said liquid and/or foreign substances or other similar substances from the floor of the premises; and/or

  e)  By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

  f)  Was otherwise negligent in the care, maintenance, and upkeep of the premises; and/or

  g)  Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a liquid and/or foreign substances and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

15. That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

16. That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

17. As a direct and proximate result of the aforementioned negligence of the Defendant, **OCTAPHARMA PLASMA, INC.**, the Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ**, slipped on liquid or other similar substance and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, grief, anguish, inability to

EXHIBIT "A"

lead a normal life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition and further incurred hospital bills, medical bills, and other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ**, will suffer the losses in the future.

WHEREFORE, the Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ**, hereby demands judgment for damages, costs and interest from the Defendant, **OCTAPHARMA PLASMA, INC.**, together with whatever other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiff, Plaintiff, **KATHERINE N. MALDONADO HERNANDEZ**, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: October 6, 2021

                                      Tavarez Law, P.A.
                                      Beatriz Tavarez, Esq.
                                      Attorneys for Plaintiff
                                      230 E. Monument Ave, Suite A5
                                      Kissimmee, FL 34741
                                      Tel: (407) 459-7679
                                      Fax: (407) 517-4348
                                      Email: beatriz@tavarezlaw.com

                            By:    */s/ Beatriz Tavarez*
                                      Beatriz Tavarez, Esq.
                                      Florida Bar No.: 0085043